# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 01 CR 348 |
| ) | |
| MICHAEL SPANO, SR., et al. ) | |

**MEMORANDUM OPINION**

Before the court is the "First Amended Claim/Petition for Hearing on Catherine Spano's Claim for Proceeds from the Sale of Certain Property," which was filed on December 6, 2006. (The original claim was filed on March 24, 2006.)

Catherine Spano is the wife of Michael Spano, Sr. and the mother of Michael Spano, Jr., both of whom were found guilty by a jury in this case of various charges related to a fraudulent conspiracy. Forfeiture verdicts against Spano, Sr. and Spano, Jr. were also returned. In January 2003, this court entered a preliminary order of forfeiture as to Spano, Sr. in the amount of $4,000,000 and a similar order as to Spano, Jr. in the amount of $3,150,000.

Mrs. Spano asserts a "legal claim for the entire proceeds from the sale of the real estate commonly known as 8813 Lake Ridge Drive, Darien, Illinois" (the "Lake Ridge Drive Property" or the "property"). (First Amended Claim at 1.) On January 22, 2003, this court entered an order finding that the Lake Ridge Drive

Property is a substitute asset as to Spano, Sr., and ordered it forfeited. On February 5, 2003, the court entered a similar order as to Spano, Jr., declaring the Lake Ridge Drive Property to be a forfeited substitute asset. The property was sold in February 2003, and the proceeds were placed in escrow pending further proceedings.

Pursuant to 18 U.S.C. § 1963(l)(1), the United States published final notice on July 30, 2003, of its intention to dispose of the proceeds from the sale of the Lake Ridge Drive Property. Service of this notice was made on Catherine Spano on June 16, 2003.

18 U.S.C. § 1963(l)(2) provides that any person other than the defendant asserting a legal interest in property that has been ordered forfeited to the United States pursuant to § 1963 may, within thirty days of the final publication of notice or receipt of direct written personal notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of her alleged interest in the property.[1] Therefore, any claim that Mrs. Spano wished to assert regarding the Lake Ridge Drive Property had to have been filed by July 16, 2003 (thirty days from her receipt of

---

[1] 18 U.S.C. § 1963(l)(7) further states: ". . . [I]f no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

personal notice, which was the earlier notice event). Mrs. Spano first filed her claim in March 2006, almost three years later.

The parties do not cite any case law that analyzes the operation of § 1963(l)(2)'s thirty-day period, but an identical parallel provision is contained in the drug-trafficking forfeiture statute, 21 U.S.C. § 853(n)(2), and case law construing § 853 is persuasive in construing § 1963. See United States v. White, 116 F.3d 948, 950 (1st Cir. 1997). There are numerous cases denying petitions brought pursuant to § 853(n) as time-barred when filed after expiration of the thirty-day period. See, e.g., United States v. Wellington, No. 4:05 CR 544, 2007 WL 81848 (N.D. Ohio Jan. 8, 2007); United States v. McCorkle, 143 F. Supp. 2d 1311, 1322 (M.D. Fla. 2001); United States v. Tanner, 853 F. Supp. 190, 195-96 (W.D. Va. 1994).

Mrs. Spano does not dispute that she received adequate notice of the government's intention to dispose of the proceeds from the property. She also concedes that her claim was not filed within the thirty-day period after receipt of notice but contends that even if her claim is time-barred, "equity requires that she receive the proceeds from the sale of the Lake Ridge Drive Property" because she believed that her previous attorney "was working to release her proceeds" from the property and that she was "under the impression" that her previous attorney had filed her claim "much earlier than March 24, 2006." (Catherine Spano's Reply at 2-3.)

Mrs. Spano argues that this court has the power to relieve her from the forfeiture judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) permits the court to relieve a party from an order on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the operation of the judgment. Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. See McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000).

The court is mindful of United States v. Estevez, 845 F.2d 1409 (7th Cir. 1988), in which the Seventh Circuit vacated a forfeiture judgment and reversed the district court's denial of a Rule 60(b) motion where the petitioner's failure to file a timely third-party claim under § 853(n) resulted from excusable neglect. The Seventh Circuit found that the published notice, which was the earlier notice event, was inadequate to notify the petitioner that the forfeiture action covered his title to the property at issue. Id. at 1411-12.

The instant case is distinguishable from Estevez because Mrs. Spano has failed to demonstrate excusable neglect. Adequate notice is not the issue; rather, Mrs. Spano asserts that her previous attorney simply did not file her claim on time and, in fact, filed it nearly three years too late. No showing has been made of the reason why her previous attorney did not file the claim on time,

and therefore there is no basis for us to find that his neglect was excusable. An attorney's negligence, gross negligence, or even intentional misconduct in failing to file a timely claim still binds his client and is not grounds for Rule 60(b) relief from a forfeiture judgment. United States v. 7108 W. Grand Ave., 15 F.3d 632, 634-35 (7th Cir. 1994); see also United States v. 8136 S. Dobson St., 125 F.3d 1076, 1084 (7th Cir. 1997) ("Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good--the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either."). Mrs. Spano's recourse may lie elsewhere. See 8136 S. Dobson St., 125 F.3d at 1084 ("Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary."). But she has not demonstrated that she is entitled to relief under Rule 60(b).

## **CONCLUSION**

Catherine Spano's First Amended Claim/Petition for Hearing on Catherine Spano's Claim for Proceeds from the Sale of Certain Property [1093] is denied.

DATE:      March 21, 2007

ENTER:     _____
           John F. Grady, United States District Judge